

**SO ORDERED.**

**SIGNED this 17 day of September, 2010.**

_____
**JAMES D. WALKER, JR.
UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | CASE NO. 09-54153-JDW |
| DAVIDSON HOOPES, | ) | |
| | ) | |
| DEBTOR. | ) | |
| | ) | |
| WALTER W. KELLEY, TRUSTEE, | ) | ADVERSARY PROCEEDING |
| | ) | NO. 10-5028 |
| PLAINTIFF, | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| U.S. TRUST, BANK OF AMERICA | ) | |
| PRIVATE WEALTH MANAGEMENT, | ) | |
| DAVIDSON HOOPES, DANE HOOPES, | ) | |
| and WILLIAM M. FLATAU as | ) | |
| CHAPTER 7 TRUSTEE for DANE | ) | |
| HOOPES, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

BEFORE

JAMES D. WALKER, JR.

UNITED STATES BANKRUPTCY JUDGE

<u>COUNSEL</u>

For Mr. Kelley:        Thomas D. Lovett
                       Post Office Box 1164
                       Valdosta, Georgia 31603

For Bank of America:   Daniel Wilder
                       544 Mulberry Street, Suite 800
                       Macon, Georgia 31201

**MEMORANDUM OPINION**

This matter comes before the Court on Plaintiff's motion for summary judgment. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(E). After considering the pleadings, the evidence, and the applicable authorities, the Court enters the following findings of fact and conclusions of law in conformance with Federal Rule of Bankruptcy Procedure 7052.

**Undisputed Facts**

Debtor Davidson Hoopes filed a Chapter 7 petition on December 17, 2009. At that time he was a beneficiary of a trust created by the last will and testament of his grandmother. Defendant U.S. Trust, Bank of America, Private Wealth Management ("the Bank"), is trustee of the trust. The trust provided, in part, as follows: "The income of one of said equal parts shall be paid, quarterly or oftener in its [the trustee's] discretion, to or for the benefit of each grandchild of mine then living so long as such grandchild shall live[.]" (Amended Complaint, docket no. 21, ex. A, p.11, ¶ 16.)

Plaintiff Walter Kelley, the Chapter 7 trustee in Debtor's case, filed a complaint seeking a declaratory judgment that Debtor's right to receive income from the trust is property of the bankruptcy estate, an order directing the Bank to pay such income directly to Plaintiff, an order directing the Bank to provide an accounting of all trust funds disbursed to Debtor or for Debtor's benefit since the petition date, and judgment against the Bank and Debtor in the amount of any such disbursements.

The Bank filed a motion to dismiss, and Plaintiff filed a motion for summary judgment. The Court held a hearing on the motion for summary judgment on August 16, 2010. After

considering the undisputed facts, the relevant law, and the arguments of the parties, the Court will deny the Bank's motion, grant Plaintiff's motion, and enter judgment for Plaintiff.

## Conclusions of Law

At issue in this case is whether or not Debtor's right to receive income from a trust is property of his bankruptcy estate.  Property of the estate is broadly defined by 11 U.S.C. § 541(a)(1) to include "all legal or equitable interests of the debtor in property as of the commencement of the case," with some exceptions as set forth in § 541(b) and (c)(2).  Subsection (c)(2) provides: "A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title."  Id. § 541(c)(2).  In other words, if Debtor's interest in the trust income is limited by spendthrift provisions that are recognized by state law, the income does not become property of the estate.

The parties here agree Connecticut law governs the trust instrument.  Under the Connecticut Code,

> If property has been given to trustees to pay over the income to any person, without provision for accumulation or express authorization to the trustees to withhold the income, and the income has not been expressly given for the support of the beneficiary or his family, the income shall be liable in equity to the claims of all creditors of the beneficiary.

Conn. Gen. Stat. § 52-321(a) (1991).

In this case, the trust directs the Bank to pay the income of the trust "quarterly or oftener," without limits or reservations.  The trustee has no discretion to either accumulate or to withhold the income for any reason.  Furthermore, nothing in the language of the trust instrument indicates

the income is intended for the support of the beneficiary or his family.  It must be paid regardless of Debtor's financial circumstances.  The Bank offered no legal authority to the contrary.

The Court finds Debtor's interest in the trust income is not subject to a restriction on transfer that is enforceable under nonbankruptcy law.  Consequently, it does not fall within the scope of § 541(c)(2).  For these reasons, the Court concludes Debtor's right to receive income from the trust is property of the bankruptcy estate.  The Court will enter judgment for Plaintiff and will direct the Bank to pay future disbursements of trust income to Plaintiff.[1]

Plaintiff's complaint requested an accounting of any disbursements made to Debtor since the petition date and an order directing the Bank to pay any such amounts to Plaintiff.  At the hearing on Plaintiff's motion, the parties agreed the Bank first received notice of Debtor's bankruptcy on the date Plaintiff initiated this adversary proceeding–March 22, 2010.  Therefore, the Court will limit the Bank's liability for post-petition income disbursements to those made on or after March 22, 2010.

An Order in accordance with this Opinion will be entered on this date.

END OF DOCUMENT

---

[1] This decision is limited to the Debtor's right to receive trust income and does not apply to any interest Debtor may have in the trust corpus.